1

2

3

4

5

6

7             IN THE UNITED STATES DISTRICT COURT FOR THE

8                  EASTERN DISTRICT OF CALIFORNIA

9

10   LUIS ECHEVERRIA,                )        1:04-cv-06642-REC-LJO-P
                                     )
11            Plaintiff,             )        **FINDINGS AND RECOMMENDATIONS**
                                     )        **RE DISMISSAL OF ACTION FOR**
12   vs.                             )        **FAILURE TO OBEY A COURT ORDER**
                                     )        **AND FAILURE TO STATE A CLAIM**
13   JANET TENNISON,                 )        **UPON WHICH RELIEF MAY BE**
                                     )        **GRANTED**
14            Defendant.             )
     _____)        (Doc. 13)

15

16        Plaintiff Luis Echeverria ("plaintiff"), is a prisoner

17   proceeding pro se and in forma pauperis in a civil rights action

18   pursuant to 42 U.S.C. § 1983.  By order filed March 18, 2005, the

19   court found that plaintiff's complaint failed to state any claims

20   for relief against the named defendants.  The court dismissed

21   plaintiff's complaint and ordered plaintiff to file an amended

22   complaint within thirty (30) days from the date of service of that

23   order.  On April 18, 2005, plaintiff filed a request to extend

24   time.  On May 20, 2005, the court granted plaintiff an additional

25   thirty (30) days within which to comply.  More than thirty days

26   have passed and plaintiff has not filed an amended complaint or

27   otherwise responded to the court's order(s).

28   ///

                                     1

1    Local Rule 11-110 provides that "failure of counsel or of a

2 party to comply with these Local Rules or with any order of the

3 Court may be grounds for the imposition by the Court of any and all

4 sanctions . . . within the inherent power of the Court."  District

5 courts have the inherent power to control their dockets and "in the

6 exercise of that power, they may impose sanctions including, where

7 appropriate . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>,

8 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,

9 with prejudice, based on a party's failure to prosecute an action,

10 failure to obey a court order, or failure to comply with local

11 rules.  <u>See</u>, <u>e.g</u>. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir.

12 1995)(dismissal for noncompliance with local rule); <u>Ferdik v.</u>

13 <u>Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

14 failure to comply with an order requiring amendment of complaint);

15 <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for

16 failure to comply with local rule requiring pro se plaintiffs to

17 keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833

18 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

19 court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir.

20 1986)(dismissal for failure to lack of prosecution and failure to

21 comply with local rules).

22    In determining whether to dismiss an action for lack of

23 prosecution, failure to obey a court order, or failure to comply

24 with local rules, the court must consider several factors: (1) the

25 public's interest in expeditious resolution of litigation; (2) the

26 court's need to manage its docket; (3) the risk of prejudice to the

27 defendants; (4) the public policy favoring disposition of cases on

28 their merits; and, (5) the availability of less drastic

1   alternatives.   Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

2   1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

3   Ghazali, 46 F.3d at 53.

4        In the instant case, the court finds that the public's

5   interest in expeditiously resolving this litigation and the court's

6   interest in managing the docket weigh in favor of dismissal.   The

7   third factor, risk of prejudice to defendants, also weighs in favor

8   of dismissal, since a presumption of injury arises from the

9   occurrence of unreasonable delay in prosecuting an action.

10  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).   The fourth

11  factor -- public policy favoring disposition of cases on their

12  merits -- is greatly outweighed by the factors in favor of

13  dismissal discussed herein.   Finally, a court's warning to a party

14  that his failure to obey the court's order will result in dismissal

15  satisfies the "consideration of alternatives" requirement.   Ferdik

16  v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

17  779 F.2d at 1424.   The court's order of March 18, 2005, requiring

18  plaintiff to file an amended complaint, expressly stated: "If

19  plaintiff fails to file an amended complaint in compliance with

20  this order, the court will recommend that this action be dismissed,

21  without prejudice, for failure to state a claim upon which relief

22  may be granted."   Thus, plaintiff had adequate warning that

23  dismissal would result from non-compliance with the court's order.

24       Accordingly, it is HEREBY RECOMMENDED that this action be

25  DISMISSED, without prejudice, for plaintiff's failure to obey the

26  court's order of March 18, 2005, and for the reasons set forth

27  therein, namely, for failure to state a claim upon which relief may

28  be granted.

1    These Findings and Recommendations are submitted to the United

2  States District Judge assigned to the case, pursuant to the

3  provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**

4  after being served with these Findings and Recommendations,

5  plaintiff may file written objections with the court.  Such a

6  document should be captioned "Objections to Magistrate Judge's

7  Findings and Recommendations."  Plaintiff is advised that failure

8  to file objections within the specified time may waive the right to

9  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

10  (9th Cir. 1991).

11

12  IT IS SO ORDERED.

13  **Dated:    July 7, 2005**                          **/s/ Lawrence J. O'Neill**
    i0d3h8                                      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28